Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
FLORENTINO BAUTISTA CANDIDO, *individually*
*and on behalf of others similarly situated,*

                               *Plaintiff,*

                    -against-

PROSPERITY 89 CORP. (d/b/a THAIS NEW
YORK), ADIDSUDA CHUNTON and GIFT
RAKOWSKI,

                               *Defendants.*
-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Florentino Bautista Candido ("Plaintiff" or "Plaintiff Bautista"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as

against each of Defendants Prosperity 89 Corp. (d/b/a Thais New York) ("Defendant Corporation"),

Adidsuda Chunton, and Gift Rakowski (collectively, "Defendants"), alleges upon information and belief

as follows:

## <u>NATURE OF ACTION</u>

        1.     Plaintiff Bautista was an employee of Defendants Prosperity 89 Corp. (d/b/a Thais New

York), Adidsuda Chunton and Gift Rakowski who own and operate Thais New York.

        2.     Thais New York is a Thai restaurant owned by Adidsuda Chunton and Gift Rakowski,

located at 1718 Second Avenue, New York, New York 10128.

3.      Upon information and belief, Defendants Adidsuda Chunton and Gift Rakowski serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Bautista is a former employee of Defendants.

5.      Plaintiff Bautista was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to washing the dishes, cutting vegetables, cleaning the kitchen, the bathrooms, the restaurant's floor, the basement, arranging the food when it arrived, twisting and tying up cardboard boxes, sweeping and mopping the main room, taking out the trash, and cleaning the sidewalk where they left the garbage (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Bautista regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Bautista appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Bautista the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Bautista as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Bautista and all other delivery workers at a rate that was lower than the required tip-credit rate.

2

11.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Bautista's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Bautista's actual duties in payroll records to avoid paying Plaintiff Bautista at the minimum wage rate, and to enable them to pay Plaintiff Bautista at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Bautista's tips and made unlawful deductions from the Plaintiff's and other similarly situated employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Bautista to all other similarly situated employees.

15.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Bautista and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Bautista now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

3

17.     Plaintiff Bautista seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Bautista's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Bautista was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.     Plaintiff Florentino Bautista Candido ("Plaintiff Bautista" or "Mr. Bautista") is an adult individual residing in Bronx County, New York.

21.      Plaintiff Bautista was employed by Defendants from approximately November 2016 until on or about April 2, 2017 and from approximately April 15, 2017 until on or about April 27, 2017.

22.     At all relevant times to this complaint, Plaintiff Bautista was employed by Defendants as a delivery worker at Thais New York, located at 1718 Second Avenue, New York, New York 10128.

23.     Plaintiff Bautista consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

4

*Defendants*

24.      Defendants own, operate, and/or control a Thai Restaurant located at 1718 Second Avenue, New York, New York 10128 under the name of Thais New York, at all times relevant to this complaint.

25.      Upon information and belief, Defendant Prosperity 89 Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1718 Second Avenue, New York, New York 10128.

26.      Defendant Adidsuda Chunton is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.      Defendant Adidsuda Chunton is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.      Defendant Adidsuda Chunton possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

29.      Defendant Adidsuda Chunton determined the wages and compensation of employees, including Plaintiff Bautista, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30.      Defendant Gift Rakowski is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

31.      Defendant Gift Rakowski is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

32.     Defendant Gift Rakowski possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

33.     Defendant Gift Rakowski determined the wages and compensation of employees, including Plaintiff Bautista, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

34.     Defendants operate a Thai Restaurant located at 1718 Second Avenue, New York, New York 10128.

35.      Individual Defendants Adidsuda Chunton and Gift Rakowski possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.     Each Defendant possessed substantial control over Plaintiff Bautista's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bautista, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiff Bautista, and all similarly situated individuals, and are Plaintiff Bautista's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

6

39.     In the alternative, Defendants constitute a single employer of Plaintiff Bautista and/or similarly situated individuals

40.     Upon information and belief, Individual Defendants Adidsuda Chunton and Gift Rakowski operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

41.     At all relevant times, Defendants were Plaintiff Bautista's employers within the meaning of the FLSA and NYLL.

7

42.     Defendants had the power to hire and fire Plaintiff Bautista, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bautista's services.

43.     In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

### Individual Plaintiff

45.     Plaintiff Bautista is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of his day performing the non-delivery, non-tip duties outlined above.

46.     Plaintiff Bautista seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Florentino Bautista Candido

47.     Plaintiff Bautista was employed by Defendants from approximately November 2016 until on or about April 2, 2017 and from approximately April 15, 2017 until on or about April 27, 2017.

48.     At all relevant times, Plaintiff Bautista was employed by Defendants to work as a delivery worker.

49.     Plaintiff Bautista regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

8

50.     Plaintiff Bautista's work duties required neither discretion nor independent judgment.

51.     Throughout his employment with Defendants, Plaintiff Bautista regularly worked in excess of 40 hours per week.

52.     From approximately November 2016 until on or about April 2, 2017 and from approximately April 15, 2017 until on or about April 27, 2017, Plaintiff Bautista worked from approximately 12:00 p.m. until on or about 11:20 p.m. Sundays, Mondays, Tuesdays, and Thursdays and from approximately 12:00 p.m. until on or about 11:30 p.m. on Fridays and Saturdays (typically 67.4 hours per week).

53.     From approximately November 2016 until on or about April 27, 2017, Plaintiff Bautista was paid his wages by check.

54.     From approximately November 2016 until on or about April 2, 2017, Plaintiff Bautista was paid a fixed salary of $450.00 per week.

55.     However, for one week in December and one week in January 2017, Plaintiff Bautista was paid $420.00 per week.

56.     From approximately April 15, 2017 until on or about April 27, 2017, Plaintiff Bautista was paid a fixed salary of $116.00 per week.

57.     Plaintiff Bautista's wages did not vary regardless of how many additional hours he worked in a week.

58.     For example, prior to April 2, 2017, Defendants required Plaintiff Bautista to sign out at 11:00 p.m. even though he left at 11:20 to complete the work they required him to perform.

59.     In addition, Defendants required Plaintiff Bautista to sign weekly receipts for his checks that falsely stated that his weekly wages total at least $600.00, when he was actually getting paid a lower

amount.

60.     Plaintiff Bautista was never notified by Defendants that his tips would be included as an offset for wages.

61.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Bautista's wages.

62.     In addition, Defendants withheld a considerable portion of the Seamless web and Grub Hub tips Plaintiff Bautista received from customers.

63.     Defendants never provided Plaintiff Bautista with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked. Instead defendants required Plaintiff Bautista to sign in for his shift but when it was time to sign out, they required him to sign out at a much earlier time.

64.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Bautista regarding wages as required under the FLSA and NYLL.

65.     Defendants never provided Plaintiff Bautista with an accurate statement of wages, as required by NYLL § 195(3).

66.     Defendants never gave any notice to Plaintiff Bautista, in English and in Spanish (Plaintiff Bautista's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

67.     However, on approximately May 3, 2017, Defendants forced Plaintiff Bautista to sign two false pay documents in order to receive the rest of his pay.

68.     Defendants required Plaintiff Bautista to purchase "tools of the trade" with his own funds—including one bicycle, a lock, a vest, one helmet, three shirts, one pair of shoes, and three pairs of pants.

*Defendants' General Employment Practices*

69.     Defendants regularly required Plaintiff Bautista to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime or spread of hour's compensation.

70.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Bautista and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

71.     Defendants habitually required their employees, including Plaintiff Bautista, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

72.     Defendants required all delivery workers, including Plaintiff Bautista, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers. Plaintiff Bautista, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

73.     Plaintiff Bautista and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants.

11

74.     However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Bautista's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     The delivery workers', including Plaintiff Bautista's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Bautista and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Bautista that his tips would be credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff Bautista for the deliveries he made to customers.

80.      As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Bautista by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

12

81.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Bautista, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

82.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

83.     Defendants required Plaintiff Bautista to sign in for his shift but when it was time to sign out, they required him to sign out at an earlier time.

84.     In addition, Defendants required Plaintiff Bautista to sign weekly receipts for his checks that falsely stated that he got paid a fixed weekly salary of $600.00, when he was actually getting paid a fixed salary of approximately $450.00 per week.

85.     Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Bautista with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Bautista's relative lack of sophistication in wage and hour laws.

86.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Bautista , and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

87.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

88.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bautista and other similarly situated current and former delivery workers.

89.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.     Defendants failed to provide Plaintiff Bautista and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary, piece, commission, or other;  gross wages; deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL § 195(3).

91.     Defendants failed to provide Plaintiff Bautista and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether  paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of  business, and a mailing address if different;  and the telephone number of the employer, as required by New York Labor Law § 195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiff Bautista brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date

that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Thais New York (the "FLSA Class").

93.     At all relevant times, Plaintiff Bautista  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

94.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

95.     Plaintiff Bautista repeats and re-alleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Bautista's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Bautista (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.     Defendants failed to pay Plaintiff Bautista (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.    Defendants' failure to pay Plaintiff Bautista (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Bautista (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

102.     Plaintiff Bautista repeats and re-alleges all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of the FLSA, failed to pay Plaintiff Bautista (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

104.    Defendants' failure to pay Plaintiff Bautista (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff Bautista (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

106.    Plaintiff Bautista repeats and re-alleges all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiff Bautista's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff

Bautista (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

108.    Defendants, in violation of the NYLL, paid Plaintiff Bautista  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

109.    Defendants' failure to pay Plaintiff Bautista (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Bautista (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS)**

111.    Plaintiff Bautista repeats and re-alleges all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Bautista (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

113.    Defendants' failure to pay Plaintiff Bautista (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiff Bautista (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR)**

115.    Plaintiff Bautista repeats and realleges all paragraphs above as though fully set forth herein.

116.    Defendants failed to pay Plaintiff Bautista one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Bautista's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

117.    Defendants' failure to pay Plaintiff Bautista an additional hour's pay for each day Plaintiff Bautista's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

118.    Plaintiff Bautista was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

119.     Plaintiff Bautista repeats and re-alleges all paragraphs above as though fully set forth herein.

120.    Defendants failed to provide Plaintiff Bautista with a written notice, in English and in Spanish (Plaintiff Bautista's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

121.    Defendants are liable to Plaintiff Bautista in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

122.    Plaintiff Bautista repeats and re-alleges all paragraphs above as though set forth fully herein.

18

123.    Defendants did not provide Plaintiff Bautista with wage statements upon each payment of wages, as required by NYLL § 195(3).

124.    Defendants are liable to Plaintiff Bautista in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

125.    Plaintiff Bautista repeats and realleges all paragraphs above as though set forth fully herein.

126.    Defendants required Plaintiff Bautista to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

127.    Plaintiff Bautista was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(UNLAWFUL DEDUCTIONS FROM TIPS IN**
**VIOLATION OF THE NEW YORK LABOR LAW)**

128.    At all relevant times, Defendants were Plaintiff Bautista's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

129.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

130.    Defendants unlawfully misappropriated a portion of Plaintiff Bautista's seamless web tips that were received from customers.

131.    Defendants knowingly and intentionally retained a portion of Plaintiff Bautista's tips in

19

violations of the NYLL and supporting Department of Labor Regulations.

132.    Plaintiff Bautista was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bautista respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bautista and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bautista and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bautista's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Bautista and the FLSA class members;

(f)    Awarding Plaintiff Bautista and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Bautista and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bautista and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bautista and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Bautista and the members of the FLSA Class;

(k)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Bautista's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Bautista and the FLSA Class members;

(m)      Awarding Plaintiff Bautista and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as spread of hours pay  under the NYLL as applicable;

(n)      Awarding Plaintiff Bautista and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Bautista and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Bautista and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff Bautista demands a trial by jury on all issues triable by a jury.




Dated: New York, New York
       May 3, 2017

                          MICHAEL FAILLACE & ASSOCIATES, P.C.


                          ____/s/ Michael Faillace_____
                          By:    Michael A. Faillace [MF-8436]
                                 60 East 42nd Street, Suite 4510
                                 New York, New York 10165
                                 (212) 317-1200
                                 *Attorneys for Plaintiff*