# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

March 22, 2018

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

         **Re:** *Bautista Candido, et al v. Prosperity 89 Corp., et al*
            Case No. 17-cv-3310-RA

Your Honor:

  This office represents Plaintiff Florentino Bautista Candido ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Prosperity 89 Corp. (d/b/a Thais New York), Adidsuda Chunton, and Gift Rakowski ("Defendants" and together with Plaintiff, the "Parties").

  The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

  The Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

  Plaintiff was employed by Defendants to work at a Thai restaurant located at 1718 Second Avenue, New York, New York 10128 under the name "Thais New York."

  Plaintiff was employed by Defendants as a delivery worker from approximately November 2016 until on or about April 2, 2017 and from approximately April 15, 2017 until on or about April 27, 2017. From approximately November 2016 until on or about April 2, 2017 and from approximately April 15, 2017 until on or about April 27, 2017, Plaintiff worked approximately 67.4 hours per week. Throughout his employment, Plaintiff was paid her wages in check. From approximately November 2016 until on or about April 2, 2017, Defendants paid Plaintiff a fixed salary of $450 per week. However, for one week in December and one week in January 2017, Plaintiff was paid $420 per week. From approximately April 15, 2017 until on or about April 27, 2017, Plaintiff was paid a fixed salary of $116 per week.

Hon. Ronnie Abrams
March 19, 2018
Page 2 of 4

Plaintiff therefore brought this action seeking to recover unpaid overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations and have produced many records and copies of the checks that they paid Plaintiff. Defendants assert that they paid Plaintiff correctly for all hours worked. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $9,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiff estimated that, in a best case scenario, he would be entitled to approximately $11,703.35 in minimum and overtime base damages. However, if Defendants were to succeed in proving that Plaintiff was paid correctly, they estimate that the Plaintiff would not be entitled to anything at all.

Six-Thousand Dollars ($6,000) of the settlement amount will be paid to the Plaintiff. The remaining Three-thousand dollars ($3,000) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The Six-Thousand Dollars ($6,000.00) that he will be receiving accounts for a significant portion of any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff would recover if Defendants were to successfully use their records to prove that Plaintiff was paid properly.

Hon. Ronnie Abrams
March 19, 2018
Page 3 of 4

Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **The Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $3,000 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

Hon. Ronnie Abrams
March 19, 2018
Page 4 of 4

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Eric Li, Esq. (via ECF)
      *Attorney for Defendants*