USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAUTISTA CANDIDO, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

PROSPERTY 89 CORP., ADIDSUDA CHUNTON, and GIFT RAKOWSKI,

Defendants.

---

No. 17-CV-3310 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Bautista Candido brought this action against Defendants—a restaurant and its operators—for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Now before the Court is the parties' application for approval of a settlement agreement. For the reasons set forth below, the Court grants the application.

## BACKGROUND

Plaintiff was employed by Defendants as a delivery worker from approximately November 2016 until April 2, 2017 and again from April 15, 2017 until April 27, 2017. Fairness Letter at 1, ECF No. 20 (hereafter "Letter"). During his employment, Plaintiff worked approximately 67.4 hours per week. Letter at 1. Throughout his employment, Plaintiff was paid his wages by check. Letter at 1. From November 2016 until April 2, 2017, Defendants paid Plaintiff a fixed salary of $450 per week. Letter at 1. For one week in December and another in January 2017, Plaintiff instead received $420 per week. Letter at 1. From April 15, 2017 until April 27, Plaintiff was paid a fixed salary of $116 per week. Letter at 1.

Plaintiff commenced this action on May 4, 2017 seeking to recover unpaid overtime wages, spread of hours, liquidated damages, interest, and attorneys' fees and costs. ECF No. 1. The parties participated in the Southern District's mediation program and reached an amicable settlement, which they now submit for the Court's review. ECF Nos. 19-21.

## LEGAL STANDARD

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

## DISCUSSION

The Court addresses three aspects of the proposed settlement agreement: (1) the settlement amount, (2) the release provision, and (3) attorneys' fees and costs. The Court finds that each of these, and the settlement as a whole, is fair and reasonable.

### A.  Settlement Amount

Under the proposed settlement agreement, Defendants agree to pay Plaintiff $9,000 in one lump-sum payment. *See* Settlement Agreement ¶ 1, ECF No. 20-1. Plaintiff estimates that, in a best case scenario, he would be entitled to approximately $11,703.35 in minimum and overtime base damages. Letter at 2. Inclusive of liquidated damages, which Plaintiff requests in his Complaint, the potential maximum award could be significantly higher. Even in a scenario where Plaintiff received the full amount of compensatory and liquidated damages he is seeking, however, the settlement amount here would still be reasonable, representing at least 38% of Plaintiff's total conceivable recovery based on the Court's calculations. This amount is significant both as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert*, 2015 WL 8773460, at *2 (approving a settlement of approximately 25 percent of the maximum possible recovery). Further weighing in favor of approving this settlement is that "Defendants deny Plaintiff's allegations and have produced many records and copies of the checks that they paid Plaintiff. Defendants assert that they paid Plaintiff correctly for all hours worked." Fairness Letter at 2.

Other factors also counsel in favor of finding the settlement reasonable: the settlement appears to have been the "product of arm's-length bargaining between experienced counsel" with no evidence of "fraud or collusion." *See Wolinsky*, 900 F. Supp. 2d at 335. Indeed, the parties

reached this agreement with the assistance of the Southern District's mediation program. Plaintiff's attorneys also have significant experience in employment law, including work on federal wage-and-hour cases. *See* Letter at 3-4. Moreover, settling now, at an early stage in the litigation, will save both parties substantial costs associated with discovery and trial. *See Wolinsky*, 900 F. Supp. 2d at 335. For the above reasons and based on the totality of the circumstances, the Court finds that the parties' proposed settlement amount of $9,000 is fair and reasonable.

## B. Release

Plaintiff's release of claims is also reasonable. "In FLSA cases, courts in this District routinely reject release provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citation omitted).

Here, Plaintiff's releases are all tied to his claims in this case or to wage-and-hour issues: he releases and agrees not to pursue any claims for "unpaid minimum wages, overtime and any other wage claims which he now has relating to, or arising under, any federal, state, or local statute or regulation including" the Fair Labor Standards Act, the New York Labor Law, and Part 141 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of New York State. Settlement Agreement ¶ 4. This release is sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel." *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations). Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

## C. Attorneys' Fees and Costs

Finally, the Court approves the requested award of attorneys' fees and costs. According to the Fairness Letter and materials attached thereto, Plaintiff's counsel requests $3,000 in fees, which is 33% of the settlement amount, and does not request any amount in costs. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). This amount appears to be less than the contingency-fee arrangement between Plaintiff and his counsel, which entitled Plaintiff's counsel to forty percent of the recovery from any settlement. Letter at 3.

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (citation omitted). Generally speaking, "courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances." *Santos*, 2015 WL 9077172, at *3; *see also, e.g., Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (rejecting proposed FLSA settlement providing attorneys' fees equal to 39 percent of the total settlement fund); *Run Guo Zhang*, 2015 WL 5122530, at *4 (rejecting 37 percent fee award); *Nights of Cabiria*, 96 F. Supp. 3d at 181–82 (rejecting fee award between 40 and 43.6 percent).

5

Here, the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method, particularly where it is pursuant to a previously negotiated retainer agreement. *See Garcia v. YSH Green Corp.*, No. 16-CV-532 (HBP), 2016 WL 6779630, at *3 (S.D.N.Y. Nov. 14, 2016); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). Moreover, the amount is reasonable when compared to what would be awarded under the lodestar method. *See, e.g., Escobar v. Fresno Gourmet Deli Corp.*, 16-CV-6816 (PAE), 2016 WL 7048714, at *4 (S.D.N.Y. Dec. 2, 2016) (approving a one-third fee award that represented a multiplier of approximately 1.03 of the lodestar amount). The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," with the reasonable hourly rate defined as the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (citations omitted). When the lodestar calculation is greater than the attorneys' fee award, the Court "[o]rdinarily" will approve the fee, at least so long as the percentage of the award is reasonable. *See, e.g., Run Guo Zhang*, 2015 WL 5122530, at *4. Here, Plaintiff's attorneys presented documentation for the two lawyers that worked on Plaintiff's case: Michael Faillace, the Managing Member of Michael Faillace & Associates, P.C., with approximately 35 years' experience in employment law, and his associate, Sarah Isaacson, who were assisted by a paralegal. Letter at 3. According to the billing records submitted by Plaintiff's counsel, Michael Faillace spent 2.6 hours on the case at a proposed rate of $450 per hour; Sarah Isaacson spent 12.1 hours at a proposed rate of $250 per hour; and the

paralegal spent 3.5 hours at a proposed rate of $175 per hour—totaling $4807.5. Billing Records at 1-2, ECF No. 20-2.[1]

The Court finds that the number of hours spent by Plaintiff's lawyers were reasonable and that they spent those hours on compensable matters. As for the reasonableness of the specific rates proposed by Plaintiff's counsel, the Court need not determine what exact rates would be the appropriate ones in this case, because the fees requested here would still be reasonable even if Plaintiff's lawyers billed at lower rates. For example, even if Michael Faillace had been charged at $400 and Sarah Isaacson at $200—amounts readily accepted by courts in this District for Mr. Faillace and associates at his firm, respectively, *see Gamero v. Koodo Sushi Corp.*, No. 15-CV-2697 (KPF), 2018 WL 4299988, at *4-5 (S.D.N.Y. Sept. 7, 2018) (collecting cases)—and the award excluded time billed by the firm's paralegal, the lodestar would amount to $3,460, which would still be $460 more than the proposed fee award. The amount of the fee is therefore reasonable both as a percentage of the net award and based on the lodestar method.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. Plaintiff's counsel will receive $3,000 of the settlement amount and the remaining $6,000 will go to Plaintiff.

SO ORDERED.

Dated: October 3, 2018
New York, New York

Ronnie Abrams
United States District Judge

---

[1] The records submitted by Plaintiff's counsel indicate that the amount billed totaled $4,717.5. However, Sarah Isaacson's August 1, 2017 time entry indicates a charge of $210 when it should be $300 based on her $250 hourly rate at 1.2 hours.

7